**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**MAURICE SANDERS**                                                           **PLAINTIFF**

          v.                     Civil No. 04-5231

**THE CITY OF FAYETTEVILLE,**
**ARKANSAS**                                                              **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

     Now on this 30th day of January, 2006, comes on for consideration defendant's **Motion For Summary Judgment** (document #58), to which plaintiff has not responded. From the motion, and the supporting documentation, the Court finds and orders as follows:

     1. Plaintiff claims that the City of Fayetteville violated his right to equal protection of the law in connection with the enforcement of the Fayetteville City Code and certain applications for building permits. Defendant denies that this has occurred, and offers both a Statement Of Undisputed Facts and supporting documentation to the effect that its actions with regard to plaintiff were taken in conformity with the applicable provisions of the Fayetteville City Code, as well as federal law, and were not done with any intention or effect of discriminating against plaintiff. It further avers that plaintiff never applied for any building permit which was denied, and that he was granted the two permits for which he applied.

     Plaintiff does not dispute any fact stated in the City's

Statement Of Undisputed Facts, nor does he offer any evidence that would contradict the documents submitted by the City.

2. It is well settled that summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. **Walsh v. United States**, 31 F.3d 696 (8th Cir. 1994). Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party. **Hardin v. Hussmann Corp.**, 45 F.3d 262 (8th Cir. 1995).

The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute; however, once the moving party has met that burden, the nonmoving party cannot rest on his pleadings, but must come forward with facts showing the existence of a genuine dispute. **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3. In light of plaintiff's total failure to dispute the facts asserted to be true by defendant, or to offer evidence that would contradict the evidence offered by the defendant, the Court concludes that the defendant is entitled to summary judgment on plaintiff's claim that his right to equal protection of the law was violated in connection with the enforcement of the City Code

and certain applications for building permits.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Summary Judgment** (document #58) is **granted.**  Judgment in conformity with this Order will be entered separately.

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**